IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Alonzo N. Justice, | : | |
| Petitioner, | : | Civil Action 2:10-cv-1152 |
| v. | : | Judge Smith |
| Warden, Chillicothe Correctional Institution, | : | Magistrate Judge Abel |
| | : | |
| Respondent. | : | |

**ORDER**

On December 21, 2010, Alonzo N. Justice ("Justice"), who resides at the Chillicothe Correctional Institution, filed a document with this court entitled "Application for an Alternative Writ of Habeas Corpus and a Rule Nisi For a Lawful Determination" (Doc. 2.)  In it, Justice claimed that he was not in the lawful custody of the State of Ohio because he had never been properly charged with a crime under O.R.C.§2931.02 or served with process under O.R.C. §7.01.  He argued further that, as he was not a prisoner, this action was not brought pursuant to 28 U.S.C. §2254.

On January 3, 2011, the Magistrate Judge issued a Report and Recommendation (Doc. 4), deeming this action one for a writ of habeas corpus under 28 U.S.C. §2254 and recommending that it be dismissed both on grounds that it had

1

no merit and that it had not been filed within the one-year period of limitation prescribed by 28 U.S.C. §2254. Justice thereupon filed objections, asserting once again that he was not a prisoner, and that 28 U.S.C. §2254 did not apply to him.

As the Court has previously stated in *Alonzo Justice v. Chris Martin, et al.*, 2:10-cv-318 (S. D. Ohio June 15, 2010 Order):

> Plaintiff claims, as the substance of his action, that he was imprisoned without due process of law. He alleges that "Justice has never been lawfully accused of any criminal act by law." (Doc. 2 at 3.) The fact that Plaintiff challenges the *legitimacy* of his imprisonment does not affect, for purposes of 28 U.S.C. §1915(h), the fact that he *is* presently incarcerated and serving a sentence in a penal institution. Regardless of his arguments that he should not be there, Plaintiff is, according to his complaint, prisoner 618-100 at the Chillicothe Correctional Institution.

Plaintiff is a prisoner, because he is not free to leave the Chillicothe Correctional Institution. Many incarcerated persons claim, as does Plaintiff, that there was a legal flaw in the process which imprisoned them. Whether or not they are justly imprisoned, however, they are still prisoners. As the Magistrate Judge noted, Plaintiff is serving a sentence for drug trafficking; he previously appealed his convictions, resulting in a remand for re-sentencing. *State v. Alonzo Justice*, 2010 WL 3835855 (Ohio Ct. App. 5th Dist. Sept. 29, 2010). A prisoner asking a federal court to free him on grounds that he is unjustly imprisoned must, however, seek a writ of habeas corpus under 28 U.S.C. §2254; the one-year period of limitation for Plaintiff to do this has already elapsed.

The Court notes further that Plaintiff states that the criminal proceedings against him were "not instigated pursuant to O.R.C. §2931.02 or §7.01". O.R.C.

§2931.02, however, describes the jurisdiction of the Ohio county courts. Plaintiff, according to his petition, was tried before and sentenced by the Fairfield County Court of Common Pleas. A court of common pleas, in Ohio, is different from a "county court"; its jurisdiction is described in O.R.C. §2931.03, and includes "all crimes and offenses" except minor ones addressed by other courts. Furthermore, O.R.C. §7.01 describes the form in which "process" must be issued by a state court in Ohio; it refers to civil litigation, not criminal proceedings.

Plaintiff refers to these statutes in alleging that his criminal proceedings were flawed because "the State of Ohio [was] not the party plaintiff nor do they represent the real party plaintiff. There is no plaintiff in fact or law in the Fairfield County Court of Common Pleas." (Doc. 2 at 1.) As one Ohio appellate court explained to a prisoner who advanced this theory, the State of Ohio is the "plaintiff" in every criminal case:

> Section 20, Article IV of the Ohio Constitution provides that "all prosecutions shall be carried on, in the name, and by the authority, of the state of Ohio." Although a person may be arrested and temporarily kept in jail on the complaint of a private individual, all criminal prosecutions are brought by the State of Ohio through its various agencies. Thus, in a criminal prosecution, the State of Ohio is the real party in interest, not the complaining witness. *State v. Williams*, 76 Ohio St.3d 290, 295, 667 N.E.2d 932, 1996-Ohio-408; cf. R.C. 2931.03 ("[A] judge of a court of common pleas does not have the authority to dismiss a criminal complaint * * * or indictment solely at the request of the complaining witness and over the objection of the prosecuting attorney or other chief legal officer who is responsible for the prosecution of the case.").

*State v. Luther*, 2005-Ohio-950 (Ohio Ct. App. 11th Dist.), at ¶¶12-15.

Accordingly, there is no merit to Petitioner's claim that he is not an Ohio

3

prisoner serving a judgment of criminal conviction.  He was required to, and failed to, file his petition for writ of habeas corpus within the one-year period of limitation created by 28 U.S.C. §2244(d)(1).  Accordingly, the Report and Recommendation (Doc. 4) is **ADOPTED**, and this action is **DISMISSED**.

s/ George C. Smith
United States District Judge